| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Charles J. Brash<br>Law Offices of Charles J. Brash<br>24405 Chestnut Street<br>Suite 207<br>Newhall, CA 91321<br>Phone: 661-254-5100<br>Fax: 661-254-5771<br>115366<br>lawofficescbrash@aol.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JAN 26 2018**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re: Romer Linayao Valenzuela<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-20809-RK<br>CHAPTER: 7<br><br>**ORDER   ☐ GRANTING   ☒ DENYING**<br>**AMENDED MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |

**Creditor Holding Lien to be Avoided** (*name*): Citibank, N.A.

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt. The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☒ Notice of this Motion complied with LBR 9013-1(o).

    a. ☒ There was no opposition and request for hearing.

    b. ☐ Hearing requested and held as indicated in the caption.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                      Page 1                              **F 4003-2.1.AVOID.LIEN.RP.ORDER**

3. The real property to which this order applies is as follows:

   a. Street address (*specify*): 25146 Steinbeck Ave., Unit E, Stevenson Ranch, CA 91381

   b. Legal description (*specify*):

   **LEGAL DESCRIPTION**

   THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

   A CONDOMINIUM COMPRISED OF

   PARCEL 1:

   UNIT NO. 145 AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN FOR LOT 5 OF TRACT NO. 44339 ("PLAN"), IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, WHICH PLAN WAS RECORDED ON APRIL 14, 1989 AS INSTRUMENT NO. 1989-580893, OFFICIAL RECORDS, IN TI-IE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

   PARCEL 2:

   AN UNDIVIDED ONE-THIRTY-SECOND INTEREST IN LOT 5 OF TRACT NO. 44339, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1123 PAGE *96* THROUGH 99 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

   EXCEPT THEREFROM ALL UNITS AS SHOWN ON THE PLAN.

   EXCEPT THEREFROM 1 PERCENT OF ALL OIL, GAS AND HYDROCARBON SUBSTANCES AS CONVEYED TO BURNETT WOLFSON IN DEED RECORDED IN BOOK 25197 PAGE 434 OFFICIAL RECORDS.

   ALSO EXCEPT THEREFROM THE FOLLOWING INTERESTS IN ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AS GRANTED TO THE GRANTEES SHOWN BELOW IN DEEDS RECORDED AS SHOWN BELOW.

   BURNETT WOLFSON, GRANTEE, *5/6* OF 1 PERCENT INTEREST, IN BOOK 33487, PAGE 359, HARRY ROSEBERG, GRANTEE, 5/6 OF I PERCENT INTEREST, IN BOOK 33487, PAGE 386, JOSEPH K. FERGUSON, GRANTEE, 2 I/2 PERCENT OF 100 PERCENT INTEREST IN BOOK 33487, PAGE 392, EMANUEL LOWENFELD, GRANTEE, *5/6* OF I PERCENT INTEREST, IN BOOK 33487, PAGE 396, ALL OF OFFICIAL RECORDS.

   THE INTERESTS CONVEYED WERE CORRECTED BY A DEED EXECUTED BY THE ABOVE GRANTEES AND RECORDED IN BOOK 38937, PAGE 58 OFFICIAL RECORDS.

   ALSO EXCEPT THEREFROM AND EXCEPTING ALL OR A PORTION OF THE SAME, AS FOLLOWS:

   ALL MINERALS, OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES IN OR UNDER OR WHICH MAY BE PRODUCED PROM SAID PROPERTY WHICH UNDERLIE A PLANE PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF SAID PROPERTY FOR THE PURPOSE OF PROSPECTING FOR, EXPLORATION, DEVELOPMENT, PRODUCTION, EXTRACTION AND TAKING OF SAID MINERALS, OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES FROM SAID PROPERTY BY MEANS OF MINES, WELLS, DERRICKS OR OTHER EQUIPMENT FROM SURFACE LOCATIONS ON ADJOINING OR NEIGHBORJNG LAND OR LYING OUTSIDE OF THE PROPERTY; IT BEING UNDERSTOOD THAT OPTION OR OTHER OWNER OF SUCH MINERALS, OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES, AS SET FORTH ABOVE, SHALL HAVE NO RIGHT TO ENTER UPON THE SURFACE OR ANY PORTION THEREOF ABOVE SAID PLANE PARALLEL TO AND *500* FEET BELOW THE

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

PRESENT SURFACE OF SAID PROPERTY FOR ANY PURPOSE WHATSOEVER, AS RESERVED BY DALE POE DEVELOPMENT CORPORATION, A CALIFORNIA CORPORATION, IN THE HEREINAFTER MENTIONED DEED.

ALSO EXCEPT THEREFROM ALL OIL, OIL RIGHTS, MINERALS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL STEAM AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING THAT MAY BE WITHIN OR UNDER THE PROPERTY, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THEREFOR AND STORING IN AND REMOVING THE SAME FROM THE PROPERTY OR ANY OTHER PROPERTY, INCLUDING THE RJGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FR.OM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RE-TUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINES WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE OR OPERATE THROUGH THE SURFACE OF THE UPPER 500 FEET OF THE SUBSURFACE OF THE PROPERTY, AS RESERVED BY DALE POE DEVELOPMENT CORPORATION, A CALIFORNIA CORPORATION IN DEED RECORDED OCTOBER 14, 1988 AS INSTRUMENT NO. 1988-1657635 OFFICIAL RECORDS.

ALSO EXCEPT THEREFROM, ALL PREVIOUSLY UNRESERVED MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND ALL UNDERGROUND WATER IN OR UNDER OR WHICH MAY BE PRODUCED FROM SUCH LOT WHICH UNDERLIES A PLANE PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF SUCH LOT FOR THE PURPOSES OF PROSPECTING FOR, THE EXPLORATION, DEVELOPMENT, PRODUCTION, EXTRACTION AND TAKING OF SAID MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER FROM SUCH LOT BY MEANS OF MINES, WELLS, DERRICKS OR OTHER EQUIPMENT FROM SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING OUTSIDE OF THE ABOVE-DESCRIBED LOT, IT BEING UNDERSTOOD THAT THE OWNER OF SUCH MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER, AS SET FORTH ABOVE, SHALL HAVE NO RIGHT TO ENTER UPON THE SURFACE OR ANY PORTION THEREOF ABOVE SUCH PLANE PARALLEL TO AND 500 FEET BELOW THE PRESENT SURFACE OF SUCH LOT FOR ANY PURPOSE WHATSOEVER, AS RESERVED BY THE ANDEN GROUP, A CALIFORNIA LIMITED PARTNERSHJP BY DEED RECORDED DECEMBER 29, 1989 AS INSTRUMENT NO. 1989-2091784, OFFICIAL RECORDS.

PARCEL 3:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE AND REPAIRS, ALL AS SHOWN IN THE PLAN AND AS DESCRIBED IN THE MASTER DECLARATION, THE NOTICE OF ADDITION AND THE DECLARATION.

PARCEL 4:

A NONEXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE COMMON AREA LOCATED IN ANY PHASES OF DEVELOPMENT ANNEXED TO LOT 5. SUCH EASEMENT IS APPURTENANT TO PARCEL NOS. 1 AND 2 DESCRIBED ABOVE AND SHALL BECOME EFFECTIVE AS TO EACH OF SUCH PHASES UPON THE CLOSE OF ESCROW FOR THE SALE OF A CONDOMINIUM IN SUCH PHASE. THE COMMON AREA REFERRED TO HEREIN AS TO EACH SUCH PHASE SHALL BE AS DESCRIBED IN THAT DECLARATION AND IN THE NOTICE OF ADDITION OF TERRITORY AND CONDOMINIUM PLAN OR PLANS FOR EACH OP SUCH PHASES, EXCEPT THEREFROM ANY RESIDENTIAL BUILDINGS THEREON.

APN: 2826-064-062

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                      Page 3                          **F 4003-2.1.AVOID.LIEN.RP.ORDER**

4. Recording information regarding lien to be avoided:

   a. Date of recordation of lien (*specify*): 01/03/2014.

   b. Recorder's instrument number or map/book/page number (*specify*): 20140046654

5. ☐ Motion granted:

   a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)

   b. ☐ The judicial lien is void and unenforceable:

      (1) ☐ In its entirety

      (2) ☐ In the following amount *only*: $ _____.  The balance of $ _____ remains a valid and enforceable lien against the property.

   c. Unless otherwise ordered, any claim(s) that were secured by the avoided lien(s) are to be treated as general unsecured claim(s) and are to be paid pro-rata with all other unsecured claims.

6. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice

   a. ☐ Insufficient notice

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

   d. ☐ Insufficient evidence of fair market value.

   e. ☐ Motion is incomplete.

   f. ☒ Other (*specify*):

   Debtor filed an Amended Schedule C – Property Claimed as Exempt (Docket No. 33) on January 5, 2018 to claim an amended homestead exemption of $100,000 pursuant to California Code of Civil Procedure § 704.730 which was the same day that Debtor filed the instant motion to avoid the lien of judgment creditor Citibank, N.A. (now Citibank, National Association, according to the Federal Depository Insurance Corporation (FDIC) BankFind website).  Federal Rules of Bankruptcy Procedure 1009(a) states: "The Debtor shall give notice of the amendment [of a schedule] to the trustee and to any entity affected hereby."  The proof of service attached to Debtor's Amended Schedule C does not show that Citibank, N.A., holding a lien on the property subject to the amended claim of exemption was given notice of the amendment of exemption as required by Federal Rule of Civil Procedure 1009(a) since the amended Schedule C increases the claim of exemption from $42,000 to $100,000 on the subject real property which the judgment lien of Citibank, N.A., may attach.  Debtor must give proper notice to Citibank, N.A., of the newly filed Amended Schedule C and allow it the opportunity to object to the exemption under Federal Rule of Bankruptcy Procedure 4003(b), which allows 30 days for a party in interest to object to the amendment.  Citibank, N.A. has to be given the opportunity to object to the amended claim of exemption as an entity affected by the amendment of the Schedule C. The facts that Debtor never listed Citibank, N.A., as a creditor, nor served Citibank, N.A., with its original and amended Schedule Cs, claiming exemptions on the subject real property do not affect this requirement.

   ///
   ///

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                         Page 4                              **F 4003-2.1.AVOID.LIEN.RP.ORDER**

7. ☒ The court further orders as follows (*specify*):

> Debtor must serve Citibank, N.A., an entity affected by the amended claim of exemption pursuant to Federal Rule of Bankruptcy Procedure 4003(b) and allow it the 30 day opportunity to object to the amended exemption before the court considers a motion to avoid its lien. In serving notice of the amended Schedule C on Citibank, N.A., Debtor must serve Citibank, N.A., as a FDIC insured depository institution by certified mail in the manner required under Federal Rule of Bankruptcy Procedure 7004(h) which should be at its address listed on the FDIC BankFind website, and to its counsel of record listed on the abstract of judgment, Hunt & Henriques, 151 Bernal Road, Suite 8, San Jose, CA  95119. Federal Rules of Bankruptcy Procedure 7004(h), 9013 and 9014.

###

Date: January 26, 2018

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 5                                    F 4003-2.1.AVOID.LIEN.RP.ORDER